UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY ENGLAR, et al.,

       Plaintiffs,                         Civil Action No.
                                              04-CV-73977

vs.

                                              HONORABLE PAUL D. BORMAN

41B DISTRICT COURT, et al.,

       Defendants.
_____/

## ORDER REQUESTING AMICUS CURIAE BRIEF FROM THE MICHIGAN STATE COURT ADMINISTRATIVE OFFICE (SCAO)

This is a civil rights case. Plaintiffs Patricia Barachkov, Nancy Englar, and Carol Diehl (collectively, "Plaintiffs"), all of whom are former employees of the 41B District Court in Clinton Township, Michigan, claim that they were terminated from their respective positions at the court in retaliation for statements made during a management oversight review conducted by the Michigan State Court Administrative Office.

Plaintiffs are suing the 41B District Court and its then-Chief Judge, Linda Davis. Plaintiffs' Complaint asserts the following claims:

    Count I:      42 U.S.C. § 1983: Freedom of Speech and Association

    Count II:     42 U.S.C. § 1983: Procedural Due Process

    Count III:    Wrongful Discharge/Breach of Implied Contract and Legitimate Expectations

    Count IV:    Tortious Interference with a Contractual Relationship/Business Expectancy

    Count V:     Defamation

    Count VI:    Michigan Whistleblower Protection Act

    Count VII:   Public Policy Tort

On September 22, 2006, the Court issued an order in which it, among other things, found that the 41B District Court and Clinton Township were entitled to sovereign immunity. *See* docket entry 71. Plaintiffs appealed the Court's judgment to the United States Court of Appeals for the Sixth Circuit.

On February 20, 2009, the Sixth Circuit issued an opinion in which it, among other things, remanded the sovereign immunity issue for further proceedings. *See Barachkov v. 41B Dist. Court*, 311 Fed. App'x 863, 866-869 (6th Cir. 2009) (attached). In its opinion, the Sixth Circuit noted that "'[sovereign] immunity does not attach if the lawsuit is not against the State or an 'arm of the state,'" *id*. at 867 (quoting *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005)), and that

> [i]n determining whether a public entity is an "arm of the state" entitled to immunity, or a "political subdivision" which is not, we consider several factors: (1) the potential liability of the State for any judgment against the entity; (2) the language used by state statutes and courts to refer to the entity, and the degree of state control and veto power over the entity's actions; (3) whether the board of the entity is appointed by state or local officials; and (4) whether the entity's functions fall within the traditional purview of state or local government.

*Id*. (citing *Ernst*, 427 F.3d at 359). The Sixth Circuit also emphasized that "'the question of who pays a damage judgment against an entity [is] the most important factor in arm-of-the-state analysis.'" *Id*. (quoting *Alkire v. Irving*, 330 F.3d 802, 811 (6th Cir. 2003)).

Within 30 days of today's date, the State Court Administrative Office is requested to submit an amicus curiae brief, not to exceed 20 pages in length, in which it sets forth its position on each of the four factors to be considered by the Court in determining whether the 41B District Court is entitled to sovereign immunity. The Court notes that the Sixth Circuit held that while each of the four factors must be considered, the question of who pays a damage judgment against an entity is the most important factor in arm-of-the-state analysis, and that the inquiry into liability must focus

on the state treasury's potential legal liability for the judgment, not whether the state treasury will pay for the judgment in this case (quotation marks and citations omitted).[1]

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 23, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 23, 2009.

S/Denise Goodine
Case Manager

---

[1] The parties shall not communicate with the SCAO regarding this matter during the next 30 days except that the parties may produce any pleadings and/or papers filed in connection with this matter, if requested by the SCAO.

3